■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STUART R. LEONARD, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered May 9, 1978, convicting him of grand larceny in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. Defendant, a disbarred attorney, was alleged to have misappropriated funds belonging to a former client. In the Judge's charge to the jury on the issue of larceny there was included a discussion of the relationship between attorney and client. The court emphasized an attorney's fiduciary duty in holding any money he collects for his client, and advised the jury that an attorney must segregate his client's funds from his own and must never allocate them to his personal use. The trial court erred by instructing the jury in this manner. Defendant was on trial for larceny and not for a violation of the Code of Professional Responsibility. Permitting the jury to consider the duty that an attorney owes to his client may have unfairly prejudiced defendant's case by introducing prohibitions of a professional nature more restrictive

than those contemplated by the penal statute for which defendant was prosecuted. Accordingly, there must be a new trial. We have examined defendant's remaining contentions which were preserved for review and have found them to be without merit. Mollen, P. J., Damiani, Titone and Mangano, JJ., concur.